# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CIVIL ACTION NO. 18-237-DLB**

**JERRY LEE BLAKELY, JR.**                                                                 **PLAINTIFF**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL, Acting Commissioner**
**of the Social Security Administration**                                                  **DEFENDANT**

\*\* \*\* \*\* \*\* \*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2016, Plaintiff Jerry Lee Blakely, Jr. protectively filed for a period of disability and Disability Insurance Benefits (DIB) under Title II. (Tr. 15). This application alleged disability beginning on June 30, 2016. (Tr. 15). The application was initially denied, and again denied on reconsideration. (Tr. 15). At Plaintiff's request, an administrative hearing was conducted on October 11, 2017 before Administrative Law Judge (ALJ) Joyce Francis. (Tr. 15, 24). On January 18, 2018, ALJ Francis ruled that Plaintiff was not entitled to benefits. (Tr. 12-24). This decision became the final decision of the Commissioner on August 15, 2018 when the Appeals Council denied Plaintiff's request for review. (Tr. 1-3).

Plaintiff filed the instant action on September 11, 2018 alleging that the Commissioner's decision was not supported by substantial evidence. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 7 and 9).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

### B. The ALJ's Determination

To determine disability, the ALJ conducts a five-step analysis. Step One considers

whether the claimant has engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant on Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [the claimant's] residual functional capacity." *Id.* The ALJ's determination becomes the final decision of the Commissioner if the Appeals Council denies review, as it did here. *See Thacker v. Berryhill*, No. 16-CV-114, 2017 WL 653546, at *1 (E.D. Ky. Feb. 16, 2017); (Tr. 1-3).

Here, at Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 30, 2016, the alleged onset date of the disability. (Tr. 17). At Step Two, the ALJ determined that the Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, and status post cervical spinal fusion. (Tr. 17). The ALJ determined that Plaintiff's other impairments—hypertension, dyslipidemia, mild valvular aortic stenosis, mild binaural hearing loss, left cheek abscess, anxiety, and depression—caused no more than minimal limitations on his ability to work. (Tr. 17-19). At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 19-20).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform work at the light exertional level as defined in 20 C.F.R. § 404.1567(b), with the following modifications and limitations: claimant can frequently climb ramps and stairs; can frequently stoop, kneel, crouch, and crawl; can frequently be exposed to extreme cold and vibration; can frequently be exposed to unprotected heights and dangerous moving machinery; and can never climb ladders, ropes or scaffolds. (Tr. 20). Based on this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that the Plaintiff was unable to perform his past relevant work as a company laborer. (Tr. 22-23). Thus, the ALJ proceeded to Step Five where she determined, informed by testimony of the VE, that there were other jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (Tr. 23-24). Accordingly, the ALJ ruled that the Plaintiff was not under a disability, as defined in the Social Security Act. (Tr. 24).

**C.   Analysis**

Plaintiff advances two main arguments in the memorandum in support of his Motion for Summary Judgment. (Doc. # 7-1). First, Plaintiff claims that the "determination that [he] is not disabled is not supported by substantial evidence." *Id.* at 7-12. Second, Plaintiff argues that the ALJ "failed to properly evaluate [his] subjective complaints of pain." *Id.* at 12-13. The Court will consider each argument in turn.

  *1.   The ALJ's determination is supported by substantial evidence.*

The Plaintiff argues that the medical evidence in the record does not support the RFC determination that the ALJ made. (Doc. 7-1 at 12). Specifically, he argues that the ALJ erred in finding many of his medical impairments to not be severe and in assessing

4

his physical and mental condition. *Id.* at 7-11. Plaintiff also argues that the ALJ should have considered whether "claimant would be entitled a closed period disability." *Id.* at 11.

### a. Severity of Impairments

Blakely first argues that the ALJ erred by failing to find his heart condition, hearing loss, and mental-health issues to be severe impairments during Step Two of her analysis. (Doc. # 7-1 at 9). He argues that this amounts to reversible error. *Id.* Blakey's argument is misguided. "[C]ourts have consistently held that an ALJ does not commit reversible error when he or she decides that some of claimant's impairments are not severe, but finds that other impairments are severe and proceeds with his or her analysis." *Schults v. Colvin*, 1 F. Supp. 3d 712, 718-19 (E.D. Ky. 2014) (citing *Maziarz v. Sec'y Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x, 516, 522 (6th Cir. 2008)).

The Step Two severity determination is merely a "hurdle," *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)), meant to "screen out totally groundless claims." *Id.* (quoting *Farris v. Sec'y Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985)). So long as the ALJ finds that the Plaintiff suffers from at least one severe impairment, the claim moves forward. *See McGlothin*, 299 F. App'x at 522 (explaining that "because the ALJ found that McGlothin has some severe impairments, he proceeded to complete steps three through five of the analysis"). Both severe and non-severe impairments are then considered during the remainder of the ALJ's five-step analysis, at which point it is "'legally irrelevant' that [ ] other impairments were determined to be not severe." *Id.* (quoting *Maziarz*, 837 F.2d at 244).

5

Here, Blakely correctly notes that the ALJ only found some of his impairments to be severe. (Tr. 17-19). That finding, however, permitted the ALJ to continue the five-step analysis. *See* (Tr. 19-24). In her remaining analysis, ALJ Francis did consider other impairments, both sever and non-severe. *See, e.g.*, (Tr. 22) (discussing Plaintiff's mental impairments). Thus, Plaintiff's argument that the ALJ committed reversible error by failing to categorize some of his impairments as severe is misplaced.

  **b.**  **RFC determination**

Blakely argues that the entirety of the evidence indicates "that he could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. # 7-1 at 8). He suggests that ALJ Francis "failed to properly address the entirety of the medical evidence in making [her] assessments" and determining Blakely's RFC. *Id.* at 9. Specifically, Blakely claims that the ALJ "completely disregarded the psychiatric component of the claimant's claim" and "failed to properly address his physical condition." *Id.* at 10-11.

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). Stated another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that he or she finds credible in the RFC assessment. *Irvin*

*v. Soc. Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

First, Blakely's suggestion that the ALJ failed to take into account his mental and physical limitations is baseless. The ALJ clearly considered physical limitations resulting from Blakely's spinal issues in developing the RFC. In fact, ALJ Francis limited the RFC to light work as a result of these problems, but did not find that extreme limitations were warranted. (Tr. 20-22). ALJ Francis specifically addressed the evaluations of Blakely's functional capacity, records that the Plaintiff disingenuously claims "the ALJ completely disregarded," in determining Blakely's realistic physical limitations. (Tr. 21-22); (Doc. # 7-1 at 11). Also, before even reaching the RFC determination, the ALJ considered, in detail, whether the heart conditions that Plaintiff suffers from, and the physical limitations caused by the resulting shortness of breath and chest pain, would limit his ability to work. (Tr. 16-17). The ALJ similarly considered Plaintiff's hearing. (Tr. 18). Based on the record evidence, that ALJ concluded that any physical limitations from Blakely's non-spine-related impairments were limited. (Tr. 17-19). Additionally, the ALJ considered Blakely's mental impairments, which were found to be mild. (Tr. 18-19, 22). She considered these limits both before and during the RFC determination. The suggestion, therefore, that the ALJ did not consider Blakely's mental and physical limitations is disingenuous.

Second, the argument that the ALJ failed to properly consider the entirety of the evidence is also meritless. The ALJ is required to consider all of the evidence in the record and rely on that which the ALJ finds credible to determine the RFC. *Irvin*, 573 F. App'x at 502; 20 C.F.R. § 404.1545(e). A reviewing court gives "the ALJ's determinations

7

of credibility great weight and deference particularly since the ALJ has the opportunity . . . of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476.

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1527. A treating source is the claimant's "own acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.* *See also Abney v. Astrue*, No. 5:07-cv-394-KKC, 2008 WL 2074011, at *11 (E.D. Ky. May 13, 2008). An acceptable non-treating source is one who has examined the claimant but does not have an ongoing treatment relationship with him, while a non-examining source has provided medical or other opinion evidence in the case without examining the claimant. *Id.* (citing 20 C.F.R. § 404.1527). Evidence may also come from testimony of the claimant and opinions of the claimant's family members. *See, e.g.*, *Logan v. Colvin*, No. 5:13-cv-210-DCR, 2014 WL 5486318, at *5-6 (E.D. Ky. Oct. 29, 2014) (examining the ALJ's weighing of the claimant's testimony and lay opinions from the claimant's family). The Sixth Circuit has previously upheld an ALJ decision discounting the evidence of a claimant's family member "on the basis that it conflicted with other substantial evidence in the record." *Gustafson v. Comm'r of Soc. Sec.*, 550 F. App'x 288, 289 (6th Cir. 2014). Similarly, "[a]n ALJ is not required to accept the Claimant's testimony as fully credible." *Logan*, 2014 WL 5486318, at *5 (citing *Jones*, 336 F.3d at 476).

Here, the ALJ had the opportunity to consider the Plaintiff's testimony and written statements, medical records, opinions from doctors and other practitioners, and a report written by the Plaintiff's wife in determining that Plaintiff could engage in light work with

8

certain additional limitations and modifications. (Tr. 20-23). The ALJ's opinion evidences that she fully reviewed the record evidence. (Tr. 15-24).

Of course, what Plaintiff is disappointed with is that the ALJ, after reviewing and weighing the evidence, came to the conclusion that Plaintiff is not disabled. Plaintiff's brief suggests that Blakely wanted the ALJ to weigh the evidence in favor of the Plaintiff—agreeing with the most restrictive opinions included in the record, while downplaying the evidence which suggests Blakely's impairments are less severe than Plaintiff makes them out to be. *See* (Doc. # 7-1 at 10-11) (chastising the ALJ for "completely disregard[ing]" the findings of Chris Lewis, a nurse practitioner who found Blakely was extremely limited and "could never return to work" and Dr. Robert Spangler's findings that Blakely had major depression and has "moderate to severe mental limitations"). It is not, however, the job of the Court to "re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014). Rather, this Court must determine if there is substantial evidence to support the ALJ's decision and uphold that decision even if "substantial evidence also would have supported a finding other than the one the ALJ made." *Smith*, 99 F.3d at 781-82.

The Court has reviewed the record and finds that the ALJ's RFC is supported by substantial evidence. First, the evidence in the record supports the ALJ's conclusion that some of Blakely's claims about his limitations are overstated or not genuine. For example, Blakey claims that he has hearing loss, which impacts his ability to work. (Doc. # 7-1 at 9-10). The record indicates, however, that at least two different practitioners found that his hearing is "normal." (Tr. 546, 789). The Plaintiff also suggests that his physical condition severely limits his ability to undertake tasks. (Doc. # 7-1 at 11). The record

shows, however, that Blakely is able to undertake many day-to-day activities, despite his impairments and pain. *See, e.g.*, (Tr. 41-42) (testifying that the Plaintiff can shower and dress himself, help with cleaning, and go grocery shopping); (Tr. 219) (indicating that Plaintiff has no problem with personal care, remembers to take his medicine, can prepare food, and helps with chores). Plaintiff testified that he is still able to walk, stand, sit, and lift, just with limitations. (Tr. 41). Further, there is evidence that Plaintiff's medications alleviate some of his symptoms and relieve pain. *See, e.g.*, (Tr. 90, 555, 731, 782). Despite other evidence in the record that, for example, Plaintiff struggles with some daily activities, *see, e.g.*, (Tr. 213-215), a reasonable person reviewing the record could come to the conclusion that Plaintiff is able to undertake light work, which takes into consideration his limitations. Therefore, substantial evidence exists to support the ALJ's conclusion that Blakely is not disabled. *Cutlip*, 25 F.3d at 286. This conclusion is further supported by Plaintiff's admission that "well, I can't say I can't" work. (Tr. 40) (responding to the ALJ's request to "[t]ell me what makes you unable to work").

Additionally, the ALJ's determination that Blakely can continue to work despite his mental impairments is supported by substantial evidence. While one practitioner found his impairments to be moderate to severe, (Tr. 928), others indicated that Blakely's mental limitations were mild to moderate and that he was able to undertake work-related tasks. *See, e.g.*, (Tr. 74) (finding that while Plaintiff shows signs of anxiety and depression, there is no evidence of "deficits in memory, concentration, attention, decision-making, [or] interaction" and that his mental conditions "are contributing no more than mild limitations in his mental capacity"); (Tr. 734) (indicating, among other things, a "mild impairment to maintain social interactions" and a "moderate impairment to adapt and respond to the

10

pressures of normal day-to-day work activity," but no impairment to his ability to concentrate, follow instructions, and complete tasks); (Tr. 749) (indicating that Plaintiff has moderate "[r]ecurrent major depressive episodes"). Again, based on the range of evidence presented, a reasonable person could find the Plaintiff's mental limitations not to be disabling.

A reasonable person reviewing the evidence could also find the evidence sufficient to support the conclusion that Blakely can undertake light work with limitations despite his mental impairments. Thus, substantial evidence supports the ALJ's conclusion. *Cutlip*, 25 F.3d at 286. As the Court has found that substantial evidence supports the ALJ's conclusion that Blakely can engage in light work with some modifications and limitations, the Court will not re-weigh the evidence before ALJ Francis, nor will the Court disturb her conclusion. *DeLong*, 748 F.3d at 726; *Smith*, 99 F.3d at 781-82.

### c. Closed period of disability

Blakely also argues that "the ALJ should have at a minimum addressed whether or not Mr. Blakely was entitled to a closed period of disability" between his last day of work—April 26, 2016—and one year after his second surgery (the alleged recovery period)—January 9, 2018. (Doc. # 7-1 at 11). "A claimant no longer qualifying as disabled may be entitled to benefits if [he] previously suffered a disability for a continuing, twelve-month period." *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 641 (6th Cir. 2016) (citing *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003)). In other words, "an individual who satisfies the [one year] durational requirement of the Act may be entitled to benefits from the time his disability commences until such time as the disability

ceases." *Lang v. Sec. of Health & Human Servs.*, 875 F.2d 865, at *2 (6th Cir. 1989) (unpublished table decision) (citing *Howse v. Heckler*, 782 F.2d 626 (6th Cir. 1986)).

Plaintiff claims that ALJ Francis should have specifically determined whether Blakely was disabled between April 26, 2016 and January 9, 2018, and therefore entitled to a closed period of disability. (Doc. # 7-1 at 11). The request, however, makes no sense given that the evidence the ALJ relied on to make her decision dealt with the Plaintiff's condition up until October 11, 2017—the date of the hearing before the ALJ. (Tr. 30-52). ALJ Francis was not provided with any evidence relating to Blakely's condition after that date. Thus, the ALJ's determination was based *exclusively* on evidence regarding Blakely's impairments prior to October 11, 2017.

Given the timing of the evidence before the ALJ and the ALJ's decision, Plaintiff fails to demonstrate how the determination made by ALJ Francis on January 18, 2018 is materially different from a consideration of whether Blakely was entitled to a closed period of disability ending on January 9, 2018—just nine days earlier. There is no evidence indicating that the ALJ's determination that Plaintiff is not disabled was largely based on the Plaintiff's condition after January 9, 2018. Rather, the ALJ considered the available evidence—all of which was from long before January 9, 2018—and determined that Blakely was not disabled during the relevant period. In reality, given the timing of the evidence and decision, the ALJ did consider whether Plaintiff was disabled between April 26, 2016 and January 9, 2018 and found that he was not. The Court finds that the ALJ's conclusion that Blakely was not disabled is supported by substantial evidence, *see supra* and *infra*, and will be upheld by this Court as required.

### 2. The ALJ properly evaluated Plaintiff's subjective complaints of pain.

In determining an RFC, the ALJ must evaluate the claimant's complaints of pain, and, in doing so, the ALJ may consider the credibility of the claimant. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). "[A]n ALJ's assessment of credibility must be supported by substantial evidence" and an ALJ's assessment of credibility is "to be accorded great weight and deference." *Walters*, 127 F.3d at 531. *See also Jones*, 336 F.3d at 474. Without more, a claimant's complaints of pain will not establish that an individual is disabled. *Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 449 (6th Cir. 2017). The ALJ undertakes a two-prong assessment when evaluating a claimant's complaints of pain—first the ALJ determines if there is objective evidence of an underlying condition which could cause pain, and then the ALJ determines if "objective medical evidence confirms the severity of the alleged pain arising from the condition, or . . . the objectively established medical condition is of such severity that it can reasonably be expected to produce the disabling pain." *Vance*, 260 F. App'x at 806 (citing *Duncan v. Sec. of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

This second main argument presented by Plaintiff overlaps with his first; Plaintiff claims that "the ALJ failed to properly assess the entirety of the medical evidence including all these additional medical problems which are resulting in additional levels of pain for Mr. Blakely." (Doc. # 7-1 at 13). He claims that Plaintiff's "own testimony regarding his pain level is uncontradicted in the record." *Id.* Plaintiff again seems to disagree with the ALJ's weighing of the evidence regarding his pain in determining that Blakely is not disabled and can work with some limitations. The Court finds, however, that the ALJ properly evaluated Blakely's complaints of pain.

ALJ Francis, in undertaking the two-prong assessment of Blakely's pain, concluded "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21).

Plaintiff's suggestion of severe pain is contradicted by evidence in the record. *See, e.g.*, (Tr. 472) (reporting the resolution of pain following his second surgery); (Tr. 475 (indicating significant improvement in "right upper extremity pain" and that his "significant neck pain" is improving); (Tr. 555) (showing Blakely's pain to be at level 5); (Tr. 772, 784-85, 789) (noting that Plaintiff's pain is "mild"). Also, evidence suggests that Plaintiff's medication helps relieve pain, *see, e.g.*, (Tr. 90, 555, 731, 782), which the Court can consider. *Van Winkle v. Comm'r of Soc. Sec.*, 29 F. App'x 353, 357 (6th Cir. 2002). Additionally, there is significant evidence that Plaintiff can undertake a number of daily activities, despite his pain. *See supra*. The participation in such household activities may also be considered by the ALJ "in evaluating complaints of disabling pain or other symptoms." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *see also Van Winkle*, 29 F. App'x at 357-58.

Based on this evidence, a reasonable person could conclude that Blakely's pain is not so debilitating that he should be deemed disabled; thus the ALJ's determination regarding claimant's pain is supported by substantial evidence. *Cutlip,* 25 F.3d at 286. While there is evidence in the record that suggests Blakely may suffer from significant pain, *see, e.g.*, (Tr. 40) (indicating that his "pain [is] [o]n a daily basis around seven, eight."), evidence favoring the Plaintiff's claim does not require the Court to reverse the

ALJ's decision.  *Listenbee*, 846 F2d at 349.  Rather, as it is the job of a reviewing Court to uphold the decision of the ALJ so long as it is supported by substantial evidence, and even if the Court would have come to a different conclusion, the Court here must reaffirm the ALJ's conclusion.  *Her*, 203 F.3d at 389-90.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence.

Accordingly, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 7) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 9) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 30th day of April, 2019.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\18-237 Blakely MOO.docx